UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60691-CIV-COHN
(ADV. NO. 10-02612-BKC-RBR-A)

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.
_____/
HERBERT STETTIN, Chapter 11 Trustee,

        Plaintiff,
vs.

RUSSELL ADLER and KATIE ADLER,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER

**THIS CAUSE** is before the Court on Defendants Russell Adler and Katie Adler's Motion to Reconsider Order Granting Motion to Withdraw the Reference [DE 7] ("Motion"). The Court has considered the Motion, Plaintiff's Response to the Motion [DE 13], Defendants' Reply [DE 14], the portions of the bankruptcy docket filed in this action, and is otherwise advised in the premises.

On February 11, 2010, the Chapter 11 Trustee for the defunct law firm of Rothstein Rosenfeldt Adler, P.A. commenced an adversary proceeding against Russell and Katie Adler ("the Adlers") seeking to avoid and recover fraudulent transfers to them pursuant to 11 U.S.C. §§ 544, 548 and 550. Amended Complaint, ¶ 1 [DE 2-2]. The allegedly fraudulent transfers include money loaned to purchase an apartment ("Apartment") located in New York City. The same apartment is subject to an order of forfeiture in the related criminal action before the undersigned

in United States v. Rothstein, Case No. 09-CR-60331.  The Adlers have filed a claim to that property in the criminal action.

The Adlers moved to withdraw the reference from the bankruptcy court to this Court.  The Court granted the motion in part, withdrawing the reference for purposes of holding a jury trial in this case, but then referred all pretrial matters, including dispositive motions, back to the bankruptcy court.  The Adlers move to reconsider this decision.

The Adlers assert that the mandatory clause of 28 U.S.C. § 157(d) requires the district court to hear the adversary complaint in its entirety.  The statute mandates that "district courts shall on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  The Adlers contend that resolution by the bankruptcy court of Plaintiff's Amended Complaint "will require significant interpretations of 18 U.S.C. § 981 and 21 U.S.C. § 853, the criminal forfeiture statutes applicable in the Rothstein criminal case and the Protective Order."  Motion to Withdraw Reference, ¶ 13 [DE 1].

The Adlers primarily rely upon United States v. One Parcel of Real Property, Commonly Known as Star Route Box. . . , 137 B.R. 802 (D. Or. 1992), a case in which the district court declined to refer two civil forfeiture cases to the bankruptcy court. 137 B.R. at 804.  This Court agrees that the Oregon case was correctly decided.  However, it is inapposite to the case at bar.  The Adlers seek to have an

action for fraudulent transfer filed in the bankruptcy court moved to district court, but the related criminal forfeiture action is already being tried in district court. The undersigned District Court will be making decisions regarding the Adlers' claim to the Apartment as compared with the interest of the criminal defendant, Scott Rothstein.[1] Therefore, the bankruptcy court will be left with the fraudulent transfer claims under the Bankruptcy Code and related state court claims, none of which require resolution under § 157(d) by the District Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Russell Adler and Katie Adler's Motion to Reconsider Order Granting Motion to Withdraw the Reference [DE 7] is hereby **DENIED**;

2. The Court's prior Order referring the matter for all pretrial matters but withdrawing the reference for purpose of a jury trial remains in place.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of July, 2010.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

United States Bankruptcy Judge Raymond B. Ray

---

[1] That decision should be made no later than September 3, 2010.